UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD AND HARRIET VAN LOO,

    Plaintiffs,

v.

CAJUN OPERATING COMPANY d/b/a
CHURCH'S CHICKEN, a Delaware
Corporation,

    Defendant.

Case No. 14-cv-10604
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [113]**

Donna Van Loo, the daughter of Plaintiffs Donald and Harriet Van Loo, was employed by Defendant Cajun Operating Company d/b/a/ Church's Chicken ("Church's"). Donna purchased life insurance through a policy that Church's purchased through Reliance Standard Life Insurance Company, naming Plaintiffs as her beneficiaries. Donna passed away in 2012, having increased her level of coverage over the preceding four years. When Plaintiffs attempted to collect the benefits they believed they were owed under the Policy, Reliance denied the claim based on Donna's failure to submit an evidence of insurability form ("EIF"). Plaintiffs sued both Church's and Reliance, asserting that Donna had been misled regarding the EIF requirement. Ultimately, the Court dismissed Plaintiffs' claims against Reliance, but granted summary judgment to Plaintiffs on their claim that Church's breached a fiduciary duty to Donna by failing to inform her that an EIF would be required for the level of coverage she had selected. Plaintiffs now seek to recover $166,872.50 in attorney's fees from Church's. The motion will be granted in part and denied in part.

## I. DISCUSSION

Plaintiffs brought their case pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA § 502(g)(1) provides that "[i]n an action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). As the Supreme Court has held, "[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (internal quotation marks and citations omitted). Because the Court has found that Church's breached a fiduciary duty when they led Donna Van Loo to believe she qualified for life insurance coverage in excess of $300,000, Plaintiffs have achieved "some degree of success on the merits."

But the Court must also examine additional factors to determine whether a fee award is appropriate:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009) (citation omitted); *see also Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985) (creating the five-factor test). "No single factor is determinative." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642–43 (6th Cir. 2006) (per curiam).

The culpability or bad faith factor weighs slightly in favor of a fee award. The Court previously held that plan administrator Church's breached a fiduciary duty by failing to inform Donna Van Loo of the EIF requirement in 2008, when she was entitled to be evaluated. *Van Loo*

*v. Cajun Operating Co.*, — F. Supp. 3d —, No. 14-CV-10604, 2016 WL 3137822, at *11 (E.D. Mich. June 6, 2016). "Defendants may be culpable without evincing bad faith." *Huizinga v. Genzink Steel Supply & Welding Co.*, 984 F. Supp. 2d 741, 749 (W.D. Mich. 2013). On the one hand, there was evidence in the record that Church's believed that its interpretation of the policy was correct and that in 2010, Church's asked Reliance to send an EIF to Donna Van Loo. Therefore, the Court does not find that Church's conduct amounted to bad faith. On the other hand, the conduct was still "blameworthy" given that Church's communications with Van Loo would lead "a reasonable person [to] assume that an EIF would be provided if needed," yet Van Loo was not provided an EIF at the appropriate time. *Van Loo*, 2016 WL 3137822, at *10.

As to the second factor, Church's ability to satisfy a fee award is not disputed and so this factor also weighs in favor of a fee award. (R. 113, PID 2835; R. 118, PID 3056).

Deterrence also weighs in favor of a fee award. The Sixth Circuit has observed that "fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). While the Court has made no finding that Church's deliberately misled Van Loo, the Court finds that an award of fees would still have some deterrence value. Employers who act as plan administrators should be aware of their duty to communicate to their employees the Plan requirements that arise in connection with certain benefits elections. This is especially so where a separate party acts as the claims administrator. In this case, for example, Reliance was within its rights to deny Plaintiffs' claims for benefits in excess of $300,000 because there was no EIF on file—and because the Court's review of that decision was limited to the administrative record, Plaintiffs were unable to fully develop their argument that Van Loo had been misled regarding the EIF requirement. *Van Loo v. Cajun Operating Co.*, No. 14-CV-10604, 2015 WL 7889034, at *11 (E.D. Mich. Dec. 4,

2015). While it may be true that, as Church's argues, the fiduciary duties of an employer-plan sponsor are "well-established under the law," this case demonstrates that employers should ensure accurate knowledge of a policy's requirements before communicating with employees regarding coverage.

By bringing this case, Plaintiffs did confer a benefit on Donna Van Loo's fellow plan participants, and even if that was not their intention, this case did resolve significant legal questions regarding ERISA. This litigation clarified that Church's did have an obligation to disclose to plan participants the existence of the EIF requirement. Discovery in this case revealed that Donna Van Loo was not the only employee for whom an EIF was missing. *Van Loo v. Cajun Operating Co.*, — F. Supp. 3d —, No. 14-CV-10604, 2016 WL 3137822, at *3 (E.D. Mich. June 6, 2016). Presumably, Church's has taken the opportunity to complete the files for these employees, avoiding possible recurrence of the issue that gave rise to this case. Moreover, this case gave the Court the opportunity to clarify issues regarding fiduciary status and appropriate relief for fiduciary-breach actions under ERISA in this circuit. *See Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1026 (E.D. Mich. 2014). Therefore, this factor weighs in favor of a fee award.

Finally, while Plaintiffs ultimately prevailed on summary judgment as to the fiduciary-breach claim, Church's asserted meritorious arguments as to the other claims in this lawsuit. Plaintiffs originally asserted five counts against Church's. All of the counts stemmed from the same set of facts: Church's failure to provide the EIF and Reliance's denial of benefits based on the lack of EIF. Plaintiffs' ultimately prevailed on their breach-of-fiduciary duty claim, *Van Loo*, 2016 WL 3137822, at *11, but it is worth noting that all four of their other claims were

dismissed as a matter of law before discovery, based on arguments that Church's made. *Van Loo*, 64 F. Supp. 3d at 1032. Therefore, this factor is neutral.

The Court finds that overall the relevant factors weigh in favor of an award of attorney's fees. Plaintiffs successfully litigated a fiduciary-breach claim against Church's for conduct that was at least culpable, and in doing so, created deterrent value and a benefit to other plan participants. Therefore, the Court will examine Plaintiffs' proposed award.

In ERISA cases, "the award of attorneys' fees must be reasonable as determined under the 'lodestar' approach." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar is calculated by multiplying a "reasonable hourly rate by the proven number of hours reasonably expended on the case by counsel." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Once the lodestar is calculated, that "does not end the inquiry." *Grandview Raceway*, 46 F.3d at 1401–02. "There remain other considerations that may lead the district court to adjust the fee upward or downward." *Id.* (citation omitted).

To determine a reasonable hourly rate, courts should look to "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (6th Cir. 2000). One of Plaintiffs' attorneys, Daniel Swanson, has spent almost four decades practicing in the field of employment litigation. (R. 113-5, PID 2872–73.) He is based in Southfield, Michigan. (*Id.*) Swanson seeks an hourly rate of $400 per hour, the rate that he "routinely" charges in cases like this one. (*Id.* at 2873.) This rate is consistent with 2013 figures for the top quartile of Michigan attorneys in practice for over 35 years ($350 per hour), as well as the top quartile of Michigan attorneys practicing in Southfield ($395 per hour). *See* 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (July 2014),

5

http://www.michbar.org/file/pmrc/articles/0000151.pdf. (R. 113-8.) Additionally, in 2009, a court in this District awarded $400 per hour to a comparable attorney practicing ERISA law. *Worthing v. Reliance Std. Life Ins. Co.*, No. 08-11895, 2009 U.S. Dist. LEXIS 52296, at *5 (E.D. Mich. June 22, 2009); *see also Huizinga*, 984 F. Supp. 2d at 750-51 (awarding $375 per hour); *Crider v. Highmark Life Ins. Co.*, No. 1:05-cv-660, 2006 U.S. Dist. LEXIS 84564, at *13 (W.D. Mich. Nov. 21, 2006) (awarding $350 per hour). Accordingly, the Court finds that $400 is a reasonable hourly rate for Swanson.

The attorney who billed the majority of the hours in this case is Tad Roumayah. Unlike Swanson, however, Roumayah did not submit an affidavit detailing his experience and usual area of practice, though his Michigan Bar Directory entry indicates that he has been in practice for six years. And as Church's points out in its response brief, a review of PACER indicates that Mr. Roumayah has not appeared in any other ERISA cases in this district. (R. 118, PID 3061.) Nonetheless, Roumayah's requested rate of $225 per hour is lower than the median rate for attorneys practicing in Southfield, Michigan, which was $275 in 2013. (R. 113-8, PID 2895.) It is also consistent with the median rate for "associate" attorneys ($208), attorneys with six-to-ten years' experience ($225), and employment law attorneys ($250). Therefore, the Court will allow a rate of $225 per hour for Roumayah.

Turning to the appropriate number of hours, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (quoting *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984)). The Court agrees with Church's that certain reductions are warranted.

6

Where Plaintiffs seek attorney's fees in a multi-defendant case, it is appropriate to parse the records to ensure that fees are not imposed on one defendant for billing hours that were directed at a different defendant. *See Haddad v. Charles Riley & Assocs.*, No. 09-12597, 2011 U.S. Dist. LEXIS 66267, at *10 (E.D. Mich. June 21, 2011). Plaintiffs represent that they have reduced by 50% those entries pertaining to both Church's and Reliance. Plaintiffs denote fifteen such entries in their exhibit. (R. 118, PID 3062; R. 113-3.) However, there are many other entries that could pertain to both defendants but have not been reduced. For example, some records pertaining to the filing of the Complaint read as follows:

   11/26/13 – TTR – 2.5 hours – Review research; Prepare Complaint

   12/07/13 – TTR – 4.5 hours – Prepare Complaint

   02/10/14 – TTR – 1.0 hours – File and Serve Complaint on Defendants

(R. 113-3, PID 2851.) The records from after Church's and Reliance filed their motions to dismiss do not always differentiate which motion pertained to the hours that were billed:

   04/03/14 –TTR – 7.0 hours – Research case law; Analyze opposing counsel arguments

   07/18/14 – DDS – 4.0 hours – Review motions and response in preparation for hearing

   07/21/14 – DDS – 5.0 hours – Review file in preparation for hearing

(R. 113-3, PID 2851–52.) There are also records relating to the parties' first and second mediation sessions, which included both Church's and Reliance. (R. 113-3, PID 2853–54, 2856.)

Plaintiffs' response is that "these litigation events would have occurred regardless if Reliance was involved," and they "already discounted any such time entries by 50% to account for time spent on Reliance's portion." The Court disagrees. First, it is clear that Plaintiffs filed separate response briefs as to Reliance and Church's with respect to the motions to dismiss. (R. 24, 25.) While parts of the briefs may have required the same research, Reliance made several

arguments unique to its role as the claims administrator that Church's could not have made. And while Church's and Reliance likely had similar interests and motivations leading into the mediation sessions, the Court is not in a position to say that the hours billed in preparation for those sessions would be the same if Reliance had not been present. Second, Plaintiffs' exhibit contains a key stating that "**" represented records that had been reduced by 50%. There are only fifteen such records in the entire exhibit, and they are not the records cited above as examples. (R. 113-3, PID 2851.) Accordingly, and consistent with Plaintiffs' intent, the Court finds that a 50% reduction in hours is warranted as to the entries that appear to pertain to both Church's and Reliance.

Next, Plaintiffs seek fees related to their motion for leave to file an amended complaint (R. 52); yet, that motion sought to add claims against Reliance, not Church's. (*Id.* at PID 1345 ("By way of their proposed First Amended Complaint . . . the Van Loos seek to plead additional facts and an additional legal claim for relief that are related to Defendant Reliance Standard Life Insurance Company's ("Reliance") illegal refusal to pay them benefits under its Group Life Insurance Policy GL 140042 (the "Group Life Policy").) In fact, Church's never responded to this motion, and it was resolved via a stipulation between Plaintiffs and Reliance. (R. 58.) And as the Court observed at the hearing on September 21, 2013, the legal theory Plaintiffs pursued against Reliance in Count III of their amended complaint was at odds with the legal theory on which they ultimately prevailed against Church's. An award of attorney's fees would not be appropriate for these hours.

Plaintiffs' records also contain some instances of block billing. "Courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions where . . . billing records lumped together time entries under one total so that it was impossible to determine the

amount of time spent on each task." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (internal quotation marks and citations omitted); *see also Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 787 (E.D. Mich. 2011) ("In the Sixth Circuit, the law is clear that significant reductions in time are appropriate where block billing is used"). Many of the records Church's identifies as "block billed" largely overlap with the records mentioned above, where it is unclear whether the task pertained to Church's or Reliance. This offers further support for the Court's decision to discount those hours. Still, those hours having been discounted, the Court sees no reason to discount them further.

Additionally, there are a few entries that mix legal services with potentially non-compensable administrative tasks. *See, e.g.*, *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir.1983). For example:

> 05/08/14 – TTR – 3.5 hours – Finalize Responses to MTD; Prepare exhibits for filing
>
> 02/10/15 – TTR – 2.5 hours – Organize documents; Prepare initial disclosures; Correspondence w/ opposing counsel; Finalize and send initial disclosures
>
> 03/20/15 – TTR – 0.70 hours – Conference w/ DDS; Organize and send exhibits to mediation summary
>
> 03/23/15 – TTR – 2.5 hours – Correspondence w/DDS; Organize exhibits; Finalize mediation summary
>
> 09/22/15 – DDS – 4 hours – Draft of supplementary mediation statement; revise draft of same; organize exhibits

Plaintiffs are not seeking fees for a paralegal, but "It is not appropriate to award attorney fees for strictly clerical tasks" such as "proofing, printing and mailing." *Allison v. City of Lansing*, No. 5:03-CV-156, 2007 U.S. Dist. LEXIS 52592, at *3 (W.D. Mich. July 19, 2007); *see also Auto Alliance Intern., Inc. v. United States Customs Service*, 155 F. App'x 226, 228 (6th Cir. 2005) (describing "picking up and indexing documents" as "nonrecoverable clerical work,

9

as contrasted with paralegal work that would otherwise have to be done by an attorney."). This is a fine line and the Court recognizes that there can be efficiencies in having the associate working on the briefs also work on the exhibits. Thus, the Court finds that only a 5% reduction in these hours is appropriate.

Church's also points out that while counsel mostly billed in tenths of an hour, counsel never billed any task as less than 0.30 hours (i.e. 18 minutes). Courts have viewed billing in such increments with some suspicion. *See, e.g.*, *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 786 (E.D. Mich. 2011) ("The vast majority of the 22 instances where Attorney Supanich billed only for .25 hours (for a total of 5.5 hours) involved the review of documents or telephone conversations that most likely took far less than 15 minutes to complete."). Church's suggests that a global reduction is appropriate to address this problem because it would be difficult to determine which instances were overbilled due to the large time increments. Courts have described such reductions as "appropriate and necessary[.]" *Bell*, 784 F. Supp. 2d at 786; *see also Barrett v. Detroit Heading, LLC*, No. 05-72341, 2009 U.S. Dist. LEXIS 98679, at *9 (E.D. Mich. Oct. 23, 2009) ("[T]he Court does not believe that it is appropriate to mandate that Defendant pay Plaintiff attorney fees for every .2 increment billed by Plaintiff's counsel simply because that is the manner in which Plaintiff's counsel elected to enter his time."). Given the reductions the Court has already imposed, the Court finds that an additional 5% reduction across the board is appropriate to address the increments concern, as well as Church's contention that the billing entries are vague.

Finally, Plaintiffs seek compensation for some hours expended on the appeal. ERISA allows for the recovery of attorney's fees on appeal. *King*, 775 F.2d at 670. However, the Court agrees with Church's that these fees are not yet compensable, because before the appeal has

10

concluded, the Court cannot "review whether the appellant pursued this appeal in bad faith." *Schwartz v. Gregori*, 160 F.3d 1116, 1120 (6th Cir. 1998). After the appeal concludes, and "[u]pon proper application, the District Court should award a reasonable fee for the attorney's services during th[e] appeal." *King*, 775 F.2d at 670 (citing *Northcross v. Board of Education*, 611 F.2d 624, 643 (6th Cir. 1979)).

In sum, the Court will allow a fee of $400 per hour for Daniel Swanson and a fee of $225 for Tad Roumayah. Hours expended on the motion to amend the complaint and defending the appeal will not be compensated. The hours attributable to both Church's and Reliance but not already reduced, will be reduced by 50%.[1] The hours containing block billed entries including clerical tasks will be reduced by 5%. And the total hours will be reduced by 5%. These reductions are detailed in the attached Appendix.

Although a Court can make further adjustments to the lodestar based on a number of factors, *Disabled Patriots of Am., Inc. v. Taylor Inn Enters., Inc.*, 424 F. Supp. 2d 962, 965–66 (E.D. Mich. 2006), Church's does not seek any such adjustments. While Plaintiffs did brief these factors, they argued that "neither an enhancement nor a reduction of the lodestar amount is appropriate in this case." (R. 113, PID 2844.) As a result, the Court will grant an award of attorney's fees in the amount of $127,623.06. (*See* Appendix A.)

This leaves the matter of costs. While Plaintiffs requested costs in their motion, they also filed a Bill of Costs (R. 114). They included this Bill of Costs as an exhibit to their motion, which clarifies that they were not seeking additional costs through their motion. Costs were in fact taxed by the Clerk in the amount of $2,252.93. (R. 117.) Neither side filed a motion for this Court to review that amount. Therefore, it is unnecessary for this Court to consider costs further.

---

[1] The Court has used Church's exhibits to determine which entries to discount, as Plaintiffs did not take issue with any individual entries. (*See* R. 118-2, 118-3, 118-4.)

11

## II. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded attorney's fees in the amount of $127,623.06 and costs as set forth in the Clerk's entry of costs (R. 117.)

**SO ORDERED.**

Dated: October 25, 2016

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2016.

s/Keisha Jackson
Case Manager