UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD VAN LOO, *et al.*,

    Plaintiff,

v.

CAJUN OPERATING COMPANY
d/b/a CHURCH'S CHICKEN,

    Defendant.

Case No. 2:14-cv-10604
Honorable Laurie J. Michelson
Magistrate Judge David Grand

**OPINION AND ORDER DENYING PLAINTIFFS' SECOND MOTION FOR ATTORNEY'S FEES [125]**

Donna Van Loo, the daughter of Plaintiffs Donald and Harriet Van Loo, was employed by Defendant Cajun Operating Company d/b/a/ Church's Chicken ("Church's"). Donna purchased life insurance through a policy that Church's purchased through Reliance Standard Life Insurance Company, naming Plaintiffs as her beneficiaries. Donna passed away in 2012, having increased her level of coverage over the preceding four years. When Plaintiffs attempted to collect the benefits, Reliance denied the claim based on Donna's failure to submit an evidence of insurability form ("EIF"). Plaintiffs sued both Church's and Reliance, asserting that Donna had been misled regarding the EIF requirement. Ultimately, the Court dismissed Plaintiffs' claims against Reliance, but granted summary judgment to Plaintiffs on their claim that Church's breached a fiduciary duty to Donna by failing to inform her that an EIF would be required for the level of coverage she had selected. The Court subsequently awarded Plaintiffs $127,623.06 in fees, plus costs. Church's

appealed the summary judgment decision, which was affirmed. Plaintiffs now seek to recover $57,274.50 in attorney's fees related to the defense of the appeal. This motion will be denied.[1]

**I.**

Plaintiffs brought their case pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA § 502(g)(1) provides that "[i]n an action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

In evaluating whether a fee award is appropriate, the court must evaluate the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009) (citation omitted); *see also Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985) (creating the five-factor test). "No single factor is determinative." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642–43 (6th Cir. 2006) (per curiam).

Unlike the prior request for fees, the first and third factors now weigh heavily against an award for appellate fees. The second and fourth factors are unchanged from the Court's prior

---

[1] In their Reply, Plaintiffs ask the Court to strike Church's Response as untimely. The Court recognizes that Church's filed its Response three days late. As Plaintiffs highlight, Fed. R. Civ. P. 6(d) was amended in 2016 to remove electronic service as a mode of service that allows parties three additional days to respond. Assuming Church's counsel was unaware of the recent change, the Court will not strike Church's Response. All prior briefing was timely and the Court believes counsel will comply going forward.

opinion on fees. (R. 120.) The last factor, although now evaluated through the relative merits of the claims on appeal, remains neutral.

When fees are sought for an appeal, the court will review the first factor by determining "whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability." *Schwartz v. Gregori*, 160 F.3d 1116, 1119–20 (6th Cir. 1998). Courts determine the intent of an appeal by looking to its legal basis. *See id.*, at 1120 (finding that the appeal was not brought in bad faith or frivolous because there was an intervening Supreme Court case which resulted in the appeal bringing a novel issue before the Circuit); *see also DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 414 (9th Cir. 1994) (finding that the appellate claims were neither frivolous nor made in bad faith as they "were supported by existing out-of-circuit law or good faith arguments to extend, modify, or reverse the law of this Circuit").

There is no basis for the Court to find that Church's appeal was brought in bad faith or was frivolous. Indeed, Church's primary claim on appeal was a novel legal issue in the Sixth Circuit that had very little relevant case law on point. (R. 128, PID 3264.) Notably, the Department of Labor felt the issue important enough to join as amicus curiae. (Sixth Circuit ECF No. 23.) And there is nothing about the Court of Appeals' opinion or its denial of en banc review that suggests the appeal was frivolous or brought in bad faith. This case presented challenging ERISA issues and Church's was quite careful to narrow the scope of the appeal. This factor, therefore, weighs heavily against a fee award.

Deterrence also weighs against a fee award. The court must take care not to award fees when the fear of a fees award could deter an otherwise meritorious appeal. *Schwartz*, 160 F.3d at 1120-1121 ("a party contemplating appeal of a unanswered legal question regarding ERISA with

general applicability, such as here, ought not to be deterred for fear of an attorney's fees award"). Plaintiffs argue that because the appeal did not concern a "legal question regarding ERISA with general applicability" deterrence is not a concern. (R. 130, PID 3283.) Deterrence, however, is a concern whenever an appeal has merit, not just when the question is of general applicability. *See Cook v. Liberty Life Assur. Co. of Boston*, 334 F.3d 112 (1st Cir. 2003) ("There is no reason to deter a plausible but ultimately unsuccessful appeal."); *see also Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 2007 WL 2692133 (M.D. Tenn. Sept, 12, 2007) ("defendant makes the meritorious argument that parties with legitimate grounds for appeal ought not be deterred from that course of action 'for fear of an attorney's fee award'") (quoting *Schwartz*). Given the merit of Church's appeal, this factor weighs against granting an award.

The last factor looks at the relative merits of the positions on appeal. *See Schwartz*, 160 F.3d at 1121. Because they prevailed in the Sixth Circuit, Plaintiffs argue that this factor should clearly be in their favor. (R. 125, PID 3216.) Prevailing in an appeal, however, is not sufficient to have this factor weigh heavily in your favor. *See Schwartz*, 160 F.3d at 1121 (finding that prevailing party was not heavily favored by the last factor given the strength of the appellant's argument); *see also Rodriguez*, at *2 (finding that last factor did not necessarily weigh in the prevailing party's favor because of appellant's clearly meritorious arguments). Church's arguments had merit and sought to resolve an unresolved area of the law in its favor. Nothing in this Court's opinion or the Sixth Circuit's opinion suggests otherwise. This factor is therefore neutral.

Unlike the prior motion for fees, two factors now weigh heavily against granting fees. Because the appeal had merit, and because the Court does not wish to deter future meritorious appeals, the *King* factors weigh against a fee award.

4

**II.**

For these reasons, Plaintiffs' Second Motion for Attorney's Fees is DENIED.

SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
Dated: September 18, 2017           U.S. DISTRICT JUDGE

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2017.

                                                  s/Keisha Jackson
                                                  Case Manager